IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JONATHAN TYRONE TIBBS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIV. ACT. 1:19-cv-0703-TFM-N |
| | ) |
| **JAY CRABTREE,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OPINION AND ORDER**

On December 4, 2020, the Magistrate Judge entered a report and recommendation which recommends this action be dismissed without prejudice for failure to prosecute and to comply with the court's orders.  *See* Doc. 29.  No objections were filed by either Plaintiff or Defendants.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules.  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).  Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court.  *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).  "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders.  *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).  Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for

lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

As noted in the Report and Recommendation, on September 23, 2020, the Court convered the answer and special report to a motion for summary judgment and directed Plaintiff to file a response by November 9, 2020. The order was returned as undeliverable and no response was filed. Further, investigation revealed that Plaintiff was no longer incarcerated at the Madison County Jail nor was he in the custody of the Alabama Department of Corrections. He had been warned on several occasions that failure to notify the court of a change in address would result in the dismissal of this lawsuit for failure to prosecute and obey court orders. *See* Docs. 7, 10, 12. Further, the Report and Recommendation was also returned as undeliverable. *See* Doc. 31. Therefore, the Court is following through on its warning and dismissing this action.[1]

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge is **ADOPTED**. Accordingly, this action is **DISMISSED without prejudice** for failure to prosecute and obey the Court's orders.

**DONE** and **ORDERED** this 6th day of January, 2021.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

[1] Though the Court could have proceeded with an unopposed motion for summary judgment, given that Plaintiff did not receive the order converting the motion, the Court agrees with the Magistrate Judge that dismissal without prejudice under Fed. R. Civ. P. 41 is more appropriate.